**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Dana Moon Henderson

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANA MOON HENDERSON,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.** |
| v. | |
| **MONEY NETWORK FINANCIAL, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                                          *Henderson v. Money Network Financial, LLC*

**COMPLAINT**

**INTRODUCTION**

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. DANA MOON HENDERSON ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of MONEY NETWORK FINANCIAL, LLC ("Defendant") with regard to an unauthorized electronic funds transfer.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                         1 OF 7          *Henderson v. Money Network Financial, LLC*
                                        **COMPLAINT**

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Alameda County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Alameda County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendant is a financial services provider located in Alpharetta, Georgia.

14. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

15. Defendant is a corporation doing business in the County of Orange, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff maintained a deposit account with Defendant that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

18. Plaintiff was enrolled in California Employment Development Department, State Disability Insurance ("SDI") wage replacement benefits program.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

19. Plaintiff received these SDI funds because she was recovering from a surgery and was unable to work for a time. The funds from this are to go to Plaintiff's day-to-day expenses such as food, shelter, and transportation.

20. On May 16, 2024, Plaintiff logged into her EDD account to transfer funds to her account with Defendant only to discover that $3,207.60 had been transferred to an unauthorized bank account. Upon further investigation, Plaintiff discovered that a transfer from EDD to Defendant had occurred early that morning, and shortly after a transfer from Defendant's account to an unauthorized bank account.

21. On that same day, Plaintiff called Defendant and informed Defendant of the apparent fraud and a dispute was initiated. Defendant informed Plaintiff the dispute paperwork would be mailed to her immediately.

22. Plaintiff also did her own investigation and learned that based on the account and routing numbers where the money had been transferred to that the account was a Capital One bank account.

23. Plaintiff called Capital One and was able to learn the account was held by a person named Brian Brown.

24. Plaintiff neither initiated, nor authorized, such transfer.

25. On May 22, 2024, Plaintiff received the Customer Dispute Form from Defendant and promptly filled it out and emailed the completed form back to Defendant.

26. On May 25, 2024, Plaintiff filed a police report with the Livermore Police Department (Report No.: 24-80149).

27. On May 28, 2024, Plaintiff received a letter from Defendant stating their investigation was complete and that Defendant determined no error occurred regarding Plaintiff's account.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

28. That same day, Plaintiff phoned Defendant and was informed that Plaintiff's claim was reopened and the Customer Dispute Form, and associated paperwork, would be reviewed again which would reactivate her claim.

29. After over a month had passed without any communication from Defendant, on July 9, 2024, Plaintiff phoned Defendant again and was informed that Plaintiff did not have an active claim, nor was there a record of the phone call on May 28, 2024. Plaintiff was asked to refiled the all the same paperwork she has submitted months ago, but to write the word "APPEAL" at the top of each page. The appeal forms were all resubmitted that same day.

30. On July 23, 2024, Plaintiff again phoned Defendant and was informed the paperwork had been received and Plaintiff had an active claim, with claim number ending in 4590.

31. On July 25, 2024, Plaintiff received another letter from Defendant asking Plaintiff to resubmit the prior paperwork. That same day Plaintiff resubmitted the same paperwork that she had previously submitted multiple times.

32. To Plaintiff's shock, on July 29, 2024, Plaintiff received another letter from Defendant stating her claim had been investigated, the transfer to the unauthorized account was not an error, and the claim was now closed.

33. On August 8, 2024, Plaintiff again called Defendant, and spoke with a representative in the Escalations Department. Plaintiff was informed that there was a note in her file stating her claim was denied because "the transfer occurred to the intended bank account." The representative stated she would email Defendant's Fraud Department on Plaintiff's behalf and that Plaintiff should hear back in about a week.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

34. On August 13, 2024, Plaintiff again spoke with the same representative (Brittney) for Defendant's Escalation Department. Plaintiff was informed that Defendant's Fraud Department does not speak directly to account holders as a matter of company policy. Plaintiff was transferred to a supervisor (Shanique) who informed Plaintiff that there was an open appeal dispute on Plaintiff's behalf that was being reviewed.

35. During this same call, Plaintiff also learned that there were multiple dispute numbers associated with Plaintiff's account, but that the active dispute number was CMS20240517124907850. Defendant's representative was unsure as to why multiple dispute numbers had been associate with Plaintiff's account.

36. On August 14, 2024, Plaintiff again received a letter asking for Plaintiff to resubmit the dispute paperwork. Plaintiff again resubmitted all the paperwork and also included a letter to the Fraud Department explaining the unauthorized transfer to a Capital One bank account, the multiple denied disputes, and the lack of resolution of her multiple claims after almost three months of pursuing this same issue.

37. On August 22, 2024, Plaintiff was utterly disheartened to again receive a denial letter from Defendant.

38. Another disheartening denial letter from Defendant, regarding the same issue just a different case number, arrived on September 5, 2024.

39. On September 26, 2024, Plaintiff again called Defendant and was informed that her appeal dispute was opened on July 10, 2024 and that Defendant had 90 days (until October 8, 2024) to settle the dispute.

40. At the time of drafting this complaint, Plaintiff has yet to receive any correspondence from Defendant regarding the resolution of Plaintiff's multiple appeals.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                    **5 OF 7**        *Henderson v. Money Network Financial, LLC*
                              **COMPLAINT**

41. Plaintiff submitted her dispute to Defendant in less than 60 days from receipt of Account statements showing the unauthorized transactions.

42. Defendant's investigation was unreasonable.

43. More specifically, Defendant should have discovered from its own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.

44. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

45. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

46. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

47. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

48. The abovementioned transactions were unauthorized transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

49. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transaction.

50. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

52. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

53. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 4, 2024                                       Respectfully submitted,

                                                                                    **LOKER LAW, APC**

                                                                    By: ___/s/ Matthew M. Loker___
                                                                            MATTHEW M. LOKER, ESQ.
                                                                            ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                          7 OF 7          *Henderson v. Money Network Financial, LLC*
                                           COMPLAINT